**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 19-4080**

───────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

FRANK WOOD THOMAS,

        Defendant - Appellant.

───────────

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, District Judge. (3:16-cr-00314-FDW-DSC-1)

───────────

Submitted: January 6, 2022                 Decided: February 4, 2022

───────────

Before GREGORY, Chief Judge, and WYNN and QUATTLEBAUM, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

**ON BRIEF:** Jeffrey William Gillette, GILLETTE LAW FIRM, PLLC, Franklin, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Frank Wood Thomas pled guilty, without a plea agreement, to possession of a firearm and/or ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The district court imposed an upward variant sentence of 55 months' imprisonment. On appeal, Thomas' attorney filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether Thomas was entitled to raise a claim of self-defense and whether counsel was ineffective for agreeing to an upward variance sentence. Although informed of his right to file a supplemental pro se brief, Thomas has not done so. The Government declined to file a brief. We affirm.

Before accepting a guilty plea, the district court must inform the defendant of, and determine that he understands, the nature of the charge to which he is pleading guilty, any mandatory minimum penalty, the maximum penalty he faces, and the rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). The court also must ensure that the guilty plea is voluntary and supported by an independent factual basis. Fed. R. Crim. P. 11(b)(2), (3). Because Thomas did not move to withdraw his guilty plea in the district court, we review the adequacy of the plea colloquy for plain error. *United States v. McCoy*, 895 F.3d 358, 364 (4th Cir. 2018).

Subsequent to Thomas' conviction, the Supreme Court held, in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), that a § 922(g) offense requires proof that the defendant knew that he possessed the firearm and knew of his prohibited status. *Id*. at 2200. And

2

this court held that a failure to include the "knowledge of status" element in a felon-in-possession case was a structural error requiring the vacatur of a § 922(g) conviction. *United States v. Gary*, 954 F.3d 194, 198 (4th Cir. 2020). We placed Thomas' appeal in abeyance pending issuance of our mandate in *Gary* and for a decision in *United States v. Sitton*, No. 18-4831, which was expected to address the impact of *Rehaif* on the validity of a § 922(g) conviction. *Sitton* was then placed in abeyance for *United States v. Gary*, No. 18-4578.

The Supreme Court subsequently reversed the *Gary* decision in *Greer v. United States*, 141 S. Ct. 2090, 2100 (2021) and held that, to establish plain *Rehaif* error, a defendant must "make[] a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon." Here, in connection with his guilty plea, Thomas admitted that he was a convicted felon at the time he possessed the firearm. Also, Thomas did not present any evidence showing that he was not, at that time, aware of his felony status. We therefore find no plain error under *Rehaif* in the district court's acceptance of Thomas' guilty plea. Additionally, based on our review of the Rule 11 hearing transcript, we conclude that the plea was knowing, voluntary, and supported by an independent basis in fact and that the district court therefore did not plainly err in accepting Thomas' guilty plea.

Counsel questions whether Thomas would have been able to assert a justification defense to the firearm charge, explaining that Thomas possessed the firearm in response to threats against himself and members of his family. Thomas did not raise this defense in the district court, but rather, entered an unqualified guilty plea. By entering this plea,

Thomas waived "all nonjurisdictional defects," including an unasserted defense, such as self-defense or justification. *See United States v. Willis*, 992 F.2d 489, 490 (4th Cir. 1993) (holding that valid guilty plea waives all nonjurisdictional defenses).

Moreover, to be entitled to the defense of justification, Thomas would have been required to show that he was "under unlawful and present threat of death or serious bodily injury"; that he "did not recklessly place himself in a situation where he would be forced to engage in criminal conduct"; that he "had no reasonable legal alternative (to both the criminal act and the avoidance of the threatened harm); and a direct causal relationship between the criminal action and the avoidance of the threatened harm." *United States v. Crittendon*, 883 F.2d 326, 330 (4th Cir. 1989). The facts show that Thomas was not in imminent danger when he obtained the firearm, but rather he recklessly placed himself in the situation which forced him to engage in criminal conduct, and he failed to avail himself of reasonable legal alternatives. Thus, Thomas would not have been able to establish the defense of justification even if he had raised it in the district court. *See id*. at 330.

Next, counsel questions whether Thomas received ineffective assistance of counsel when his attorney agreed to an upward variance sentence in exchange for the Government's agreement to forgo a four-level increase in Thomas' offense level for commission of the offense in connection with another felony. U.S. Sentencing Guidelines Manual § 2K2.1(b)(6)(B) (2016). We will not consider ineffective assistance claims on direct appeal "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record." *United States v. Faulls*, 821 F.3d 502, 507 (4th Cir. 2016). To succeed on an ineffective assistance of counsel claim, Thomas "must show that counsel's performance

4

was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Regarding the performance prong, this court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. To prevail on such a claim, Thomas must show that, but for counsel's errors, he would have received a lesser sentence. *Id.* at 694.

We conclude that the record does not conclusively show that counsel was ineffective for entering this agreement. Thus, we decline to address this claim on direct appeal. *United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Thomas' ineffective assistance of counsel claim is more appropriately raised, if at all, in a 28 U.S.C. § 2255 motion. *See United States v. Baldovinos*, 434 F.3d 233, 239 & n.4 (4th Cir. 2006).

In accordance with *Anders*, we have reviewed the record in this case and have found no meritorious issues for appeal. Accordingly, we affirm the judgment of the district court. This court requires that counsel inform Thomas, in writing, of the right to petition the Supreme Court of the United States for further review. If Thomas requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Thomas. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*